IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS,

      Plaintiff,         ORDER

    v.             13-cv-146-bbc

DR. COX,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Jerry Means has filed a civil complaint alleging that he did not receive proper medical care while he was incarcerated at the Wisconsin Secure Program Facility. He seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. However, plaintiff has "struck out" under 28 U.S.C. § 1915(g). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three or more prior occasions, plaintiff has filed lawsuits or appeals that were dismissed as legally frivolous or because they failed to state a claim upon which relief may be granted. Means v. Department of Corrections, 09-C-687 (E.D. Wis. Aug. 24, 2009); Means v. Milwaukee Secure Detention Facility, 09-C-744 (E.D. Wis. Aug. 24, 2009); Means

1

v. Paulsen, 09-C-766 (E.D. Wis. Aug. 24, 2009). Thus, he must prepay the filing fee for this lawsuit unless his complaint alleges that he is in imminent danger of serious physical injury. In his complaint, plaintiff alleges the following:

> Defendant Dr. Cox prescribed plaintiff new high-blood-pressure medication that made him pass out in his cell. Plaintiff fell on his face, breaking two upper front teeth. His teeth were not repaired until three weeks later, and are still loose. He also is experiencing pain in his gums.

Unfortunately, plaintiff's allegations are not detailed enough for the court to make a determination whether his claims satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). In order to meet this standard, a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)).

From what I can tell from plaintiff's allegations, the actions attributable to Dr. Cox have happened in the past. Plaintiff does not explain whether Cox was refused to treat him further for his loose teeth or gum pain at the time plaintiff filed his complaint or whether he continued to take the new high-blood-pressure medication, which might continue to place him in peril. Accordingly, I will deny plaintiff's motion for leave to proceed in forma pauperis without prejudice to his filing an amended complaint explaining in more detail what danger plaintiff faced *at the time he filed his original complaint*, rather than just the harm

he suffered in the past.

In addition I note that plaintiff has filed a motion to amend his request for relief. I will deny that motion as moot. He can include his revised request for relief in any new amended complaint he files.

Finally, although plaintiff seeks leave to proceed in forma pauperis, he does not include a copy of his inmate trust fund account statement. Before he can proceed on any new complaint, the court must have a copy of his trust fund account statement covering the six-month period beginning approximately August 28, 2012 and ending approximately February 27, 2013. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send a copy of plaintiff's six-month trust fund account statement to this court.

ORDER

IT IS ORDERED that

1. Plaintiff Jerry Means's request for leave to proceed in forma pauperis, dkt. #2, is DENIED without prejudice to his filing an amended complaint detailing more fully the danger he faced at the time he filed the complaint, as detailed above. Plaintiff may have until May 29, 2013 to file his amended complaint. If he does not do so by the deadline, I will dismiss the case for plaintiff's failure to prosecute it.

2. Plaintiff's motion to amend his request for relief, dkt. #3, is DENIED as moot.

3. Plaintiff may have until May 29, 2013 to submit a copy of his trust fund account

statement as detailed above.

Entered this 8th  day of May, 2013.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge