IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS,

                Plaintiff,                              ORDER

                v.                                  13-cv-146-bbc

DR. COX,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jerry Means has filed a civil complaint alleging that he did not receive proper medical care while he was incarcerated at the Wisconsin Secure Program Facility. He seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. However, plaintiff has "struck out" under 28 U.S.C. § 1915(g), and must prepay the filing fee for this lawsuit unless his complaint alleges that he is in imminent danger of serious physical injury. In a May 8, 2013 order, I concluded that plaintiff's allegations were not clear enough to tell whether he qualified under the imminent danger standard. I stated as follows:

      In his complaint, plaintiff alleges the following:

           Defendant Dr. Cox prescribed plaintiff new high-blood-pressure medication that made him pass out in his cell. Plaintiff fell on his face, breaking two upper front teeth. His teeth were not repaired until three weeks later, and are still loose. He also is experiencing pain in his gums.

    . . . .

      From what I can tell from plaintiff's allegations, the actions attributable

1

>to Dr. Cox took place in the past. Plaintiff does not explain whether Cox refused to treat him for his loose teeth or gum pain at the time plaintiff filed his complaint or whether he continued to take the new high-blood-pressure medication, which might continue to place him in peril. Accordingly, I will deny plaintiff's motion for leave to proceed in forma pauperis without prejudice to his filing an amended complaint explaining in more detail what danger plaintiff faced *at the time he filed his original complaint*, rather than just the harm he suffered in the past.

Dkt. #6. Plaintiff has now filed a document supplementing his allegations, in which he states that "that was the last time Dr. Cox added or switched my high blood pressure medication. It was another Dr. that switched all my medication up from the medication Dr. Cox was giving me."

Although plaintiff's allegations are still somewhat vague, nothing in them suggests that he was in imminent danger of serious physical harm from defendant Cox in late February 2013, when he filed his complaint; he states that a new doctor was treating him with new blood pressure medications. To the extent that plaintiff continued to have tooth or gum pain, he does not suggest that Cox was denying him treatment for that problem and he does not name as a defendant the new doctor or anybody else who could have been preventing him from getting treatment for the pain. Accordingly, I conclude that plaintiff's allegations of past harm do not qualify under the imminent danger standard, and he cannot proceed in this case in forma pauperis. Instead, he will have to prepay the entire $350 filing fee before the court can screen his complaint under 28 U.S.C. § 1915A. I will give him a short time to do so.

ORDER

IT IS ORDERED that

1. Plaintiff Jerry Means's renewed request for leave to proceed in forma pauperis, dkt. #10, is DENIED.

2. Plaintiff may have until September 6, 2013, to submit the entire $350 filing fee for this case. If plaintiff fails to submit this fee by the deadline, the case will be dismissed without prejudice.

Entered this 23d day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge