IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS,

               Plaintiff,                                  ORDER

                v.                                      13-cv-146-bbc

DR. COX,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jerry Means has "struck out" under 28 U.S.C. § 1915(g), and must prepay the filing fee for any lawsuits unless his complaint alleges that he is in imminent danger of serious physical injury. In an order entered on August 23, 2013, I concluded that plaintiff's allegations of past harm in this case do not qualify under the imminent danger standard, and he could not proceed in this case in forma pauperis. I directed him to prepay the entire $350 filing fee before the court could screen his complaint under 28 U.S.C. § 1915A and gave him until September 6, 2013 to do so. However, instead of paying the $350 filing fee, on September 5, 2013 plaintiff filed a notice of appeal of the August 23 order. Because plaintiff has not paid the $455 fee for filing his appeal, I will construe his notice of appeal to include a request to proceed in forma pauperis on appeal.

      First, I note that the August 23 order is interlocutory in nature. E.g., Hill v. Potter, 352 F.3d 1142, 1144 (7th Cir. 2003). Therefore, I understand plaintiff to be asking for

1

certification that he can take an interlocutory appeal in this case under 28 U.S.C. §1292(b).

28 U.S.C. § 1292(b) states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There is not substantial ground for a difference of opinion on the question of whether past harm constitutes imminent danger and an immediate appeal from the order will not materially advance the ultimate termination of the cases. Therefore, I will deny plaintiff's request for certification that he can take an interlocutory appeal from the August 23, 2013 order.

Nevertheless, plaintiff's filing of a notice of appeal triggers a financial obligation: he owes $455 fee for this appeal. I have construed plaintiff to include a request to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). I will deny plaintiff's request because I certify that his appeal from an unappealable non-final order is not taken in good faith and because plaintiff is a prisoner and has accumulated three strikes.

Because I am certifying plaintiff's appeal as not having been taken in good faith, and because plaintiff has three strikes, he cannot proceed with his appeal without prepaying the

2

$455 filing fee for his appeal unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeal may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require him to pay the full $455 filing fees before it considers his appeal. If he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

Finally, plaintiff's appeal raises the question of how to proceed with this case. Generally, when a notice of appeal is filed, the district court is divested of jurisdiction over the aspects of the case involved in the appeal. United States v. Ali, 619 F.3d 713, 722 (7th Cir. 2010). However, if the appeal is from a nonappealable interlocutory order, this general rule does not apply. United States v. Cannon, 715 F.2d 1228, 1231 (7th Cir. 1983) (rule has no application when prisoner plaintiff is taking purported appeal from nonappealable order). Thus, I conclude that this court retains jurisdiction over the case. In the August 23 order, I advised plaintiff that if he failed to submit the $350 filing fee by the September 6 deadline, the case would be dismissed without prejudice. At this point, because plaintiff has not complied with the August 23 order, this case will be dismissed.

3

ORDER

IT IS ORDERED that

1. Plaintiff Jerry Means's motion for the court to certify that an interlocutory appeal may be taken from the August 23, 2013 order in this case, dkt. #16, is DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #16, is DENIED. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

3. This case is DISMISSED without prejudice for plaintiff's failure to prosecute it. The clerk of court is directed to enter judgment accordingly.

Entered this 1st day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge